

## Fourth Court of Appeals
### San Antonio, Texas

## MEMORANDUM OPINION

No. 04-21-00187-CV

**IN THE MATTER OF J.L.D.**

From the 25th Judicial District Court, Guadalupe County, Texas
Trial Court No. J-19-40
Honorable Bill Squires, Judge Presiding

Opinion by: Rebeca C. Martinez, Chief Justice

Sitting: Rebeca C. Martinez, Chief Justice
Patricia O. Alvarez, Justice
Liza A. Rodriguez, Justice

Delivered and Filed: June 1, 2022

AFFIRMED

J.L.D. appeals the trial court's order transferring him from the Texas Juvenile Justice Department (TJJD) to the Texas Department of Criminal Justice (TDCJ). We affirm the trial court's order.

### BACKGROUND

In May 2019, the State filed an original petition alleging delinquent conduct and seeking a determinate sentence for J.L.D. In the petition, the State alleged that on March 26, 2019, J.L.D., who was sixteen years old at the time, committed the offenses of aggravated robbery and aggravated kidnapping. *See* TEX. PENAL CODE ANN. § 20.04, 29.03. J.L.D. pleaded true to committing the offenses alleged in the petition and as part of J.L.D.'s plea agreement, he was committed to serve a determinate sentence of nine years at the TJJD. In April 2021, with J.L.D.'s

nineteenth birthday approaching, the trial court held a transfer hearing to determine whether J.L.D. should be released on parole or transferred to the TDCJ for the remainder of his sentence.

The State called Alanna Bennett, the court liaison for the TJJD, who testified J.L.D. had some successes while at the TJJD, including completion of the treatment that was required of him, as well as obtaining a GED and a vocational certification. However, when asked about J.L.D.'s behavior over the duration of his time at the TJJD, Bennett explained that J.L.D. had 66 documented incidents. Bennett stated that some of these were minor rule violations such as disruption of a program and refusal to participate in activities. She stated that J.L.D. also had three major rule violations, which are more serious infractions, including: fleeing apprehension, participating in a major disruption, and assault causing bodily injury. Bennett testified that J.L.D., who began his time at the TJJD within the violent offender group, had not yet satisfied the three-year statutory minimum requirement for his sentence because he had only completed nineteen months of his determinate sentence at the time of the hearing. Bennett conveyed the TJJD's recommendation that J.L.D. be transferred to the TDCJ Parole Division, but on the highest level of supervision, "which is basically like house arrest." Bennett testified that there are concerns because J.L.D. committed the underlying offenses while he was on probation. Bennett also expressed concerns about J.L.D.'s intention to continue associating with his best friend who Bennett described as "quite negative," and he believed "was gang related."

J.L.D. called Sonja Davis, J.L.D.'s biological grandmother and adopted mother, to testify. Davis stated that J.L.D. would live with her if he is released on parole and that her plan is for J.L.D. to work and help take care of his grandfather. She testified that she believes J.L.D. should be given a second chance and sending him to the TDCJ will worsen his attitude. J.L.D. also called Johnny McNeil, who mentored J.L.D. in the Big Brothers Big Sisters Program of Texas, to testify. McNeil conveyed that he believed J.L.D. should be released on parole because he believes J.L.D. learned

his lesson, and McNeil stated that he will maintain his mentorship relationship with J.L.D. if he is released on parole.

At the conclusion of the hearing, the trial court ordered J.L.D to be transferred to the TDCJ to serve the remainder of his sentence. J.L.D. appealed.

### TRANSFER FROM THE TJJD TO THE TDCJ

J.L.D. contends the trial court abused its discretion in ordering his transfer to the TDCJ to serve the remainder of his sentence.

### A. *Standard of Review*

We review a trial court's decision to transfer a juvenile from the TJJD to the TDCJ for an abuse of discretion. *In re N.K.M.*, 387 S.W.3d 859, 864 (Tex. App.—San Antonio 2012, no pet.). In determining whether the trial court abused its discretion, we must review the entire record to determine if the trial court acted arbitrarily, unreasonably, or without reference to any guiding principles or rules. *Id.* The trial court's decision will be upheld if the record contains some evidence to support it. *Id.* The trial court may assess varying amounts of weight to the evidence, as well as believe or disbelieve the witnesses' testimony. *See id.* at 865.

### B. *Applicable Law*

Prior to reaching the age of nineteen, a determination must be made whether a juvenile serving a determinate sentence will be released under supervision or transferred to the TDCJ to complete his sentence. *See* TEX. HUM. RES. CODE ANN. § 245.051; *In re L.C.*, No. 04-12-00326-CV, 2013 WL 1338358, at *2 (Tex. App.—San Antonio Apr. 3, 2013, no pet.) (mem. op.). When conducting a transfer hearing, a trial court may consider written reports provided by "probation officers, professional court employees, professional consultants, or employees of the [TJJD]," as well as the testimony of witnesses. TEX. FAM. CODE ANN. § 54.11(d). In making a decision whether to transfer a juvenile, the court may consider: (1) the experiences and character of the

person before and after commitment to the youth commission, (2) the nature of the penal offense that the person was found to have committed and the manner in which the offense was committed, (3) the abilities of the person to contribute to society, (4) the protection of the victim of the offense or any member of the victim's family, (5) the recommendations of the TJJD and prosecuting attorney, (6) the best interests of the person, and (7) any other factor relevant to the issue to be decided. *Id.* § 54.11(k). The court is not obliged to consider all of the factors listed, and it may consider relevant factors not listed. *In re N.K.M.*, 387 S.W.3d at 864. Additionally, the court can assign differing weights to the factors considered. *Id.*

### C. Analysis

J.L.D. argues the trial court improperly focused on the nature of the underlying offenses he committed and did not consider any other evidence when ordering J.L.D. to be transferred to the TDCJ to serve the remainder of his sentence.

The trial court heard three witnesses and was given multiple reports and exhibits for consideration. Both favorable and unfavorable evidence about J.L.D.'s behavior was presented. At the conclusion of the transfer hearing, the trial court stated it was making its decision "[b]ased on the review of the records, the documents submitted and the testimony of the witnesses." It stated that it found J.L.D. to "continue to be a high-risk recidivism and a danger to himself and/or the community based on the nature of the underlying offense." In its Order of Transfer to the TDCJ, the trial court found that J.L.D. was "still in need of rehabilitation and the welfare of the community requires the transfer," and that it was "in the best interest of [J.L.D.], and the public at large, that [J.L.D.] be transferred to the [TDCJ] in accordance with Section 54.11, the Texas Family Code, to serve the remainder of his nine-year Determinate Sentence." The trial court stated it made its determination "after hearing the pleadings of all parties and considering the evidence

and arguments of counsel, the recommendations of the [TJJD], and other factors pursuant to and in full accordance with Section 54.11, Texas Family Code."

Although J.L.D. presented some favorable evidence regarding his behavior while committed to the TJJD, the State rebutted with evidence showing many instances of misconduct during that same time. *See* TEX. FAM. CODE ANN. § 54.11(k) (listing experiences and character of the person before and after commitment to the youth commission as a factor the court considers when making a decision on whether to transfer a juvenile to the TDJC); *In re N.K.M.*, 387 S.W.3d at 865 (affirming trial court's order transferring appellant to serve remainder of his sentence at the TDCJ when State presented evidence showing appellant's many instances of misconduct during their time at the TJJC). Additionally, the State presented evidence that J.L.D. had a prior adjudication of juvenile delinquency and that he was on parole when he committed the underlying offenses. *See* TEX. FAM. CODE ANN. § 54.11(k); *In re N.K.M.*, 387 S.W.3d at 865 (considering appellant's prior adjudications of juvenile delinquency).

While the TJJD recommended that J.L.D. be transferred to the TDCJ Parole Division, the State's position was that J.L.D. should be transferred to the TDCJ to serve the remainder of his sentence. *See* TEX. FAM. CODE ANN. § 54.11(k) (listing the recommendations of the TJJD and prosecuting attorney as a factor when making transfer determination). Moreover, the trial court was permitted to consider the serious nature of the offenses of which J.L.D. was convicted, which were aggravated assault and aggravated kidnapping, involving a firearm. *See id.* (listing nature of penal offense that person was found to have committed and the manner in which the offense was committed to be a factor when making transfer determination); *see also In re J.J.*, 276 S.W.3d 171, 180 (Tex. App.—Austin 2008, pet. denied) (considering that the offenses for which appellant had been adjudicated delinquent were violent crimes involving deadly weapons when finding "some evidence" to support court's decision to transfer appellant to the TDCJ). There was also evidence

that J.L.D. had not yet satisfied the three-year statutory minimum requirement for his sentence because he had only completed nineteen months of his determinate sentence at the time of the transfer hearing. *See In re L.C.*, 2013 WL 1338358, at \*3 (affirming order transferring appellant to serve remainder of his sentence at TDCJ in part because appellant had not even served the minimum time ordinarily required for one of the serious offenses he had committed).

On this record, there is some evidence to support the trial court's decision to transfer J.L.D. to the TDCJ. Therefore, we cannot conclude the trial court abused its discretion by ordering the transfer. *See id.* at \*4. J.L.D.'s sole issue on appeal is overruled.

## CONCLUSION

We affirm the trial court's order.

Rebeca C. Martinez, Chief Justice